UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN T. LAWSON,

       Plaintiff,

v.                                CASE No. 8:07-CV-243-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

       Defendant.
_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security fails to explain its credibility determination of the plaintiff's subjective complaints, the decision will be reversed, and the matter will be remanded for further consideration.

I.

_____

[1]Michael J. Astrue has become the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 19).

The plaintiff, who was forty-eight years old at the time of the administrative hearing and who has the equivalent of a high school education, has worked primarily in a school food service program (Tr. 356).  She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to knee problems, loss of use of her right arm, arthritis, fibromyalgia, fatigue, loss of sleep, severe allergies, thyroid problems, depression, and osteoarthritis (Tr. 79).  The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff suffers from alcohol abuse, post surgery osteoarthritis of both knees, generalized fibromyalgia, marked atrophy/deformity of the right arm secondary to childhood trauma, hypothyroidism, and allergies, which in combination are severe (Tr. 19).  The law judge, in light of these impairments, concluded as follows (Tr. 20):

> [T]he claimant has the residual functional capacity
> to perform a restricted range of sedentary work
> with lifting, carrying, pushing/pulling up to 10
> pounds occasionally/5 pounds frequently,
> alternately sit for 6 of 8 hours and stand or walk for
> 2 of 8 hours, using the right upper extremity for

fingering, feeling, reaching and handling occasionally, climbing stairs, (no ladders, scaffolding or ropes) balancing and crouching occasionally, with avoidance of kneeling and crawling and exposure to temperature extremes, high concentrations of dust, fumes, chemicals and other pollutants known to irritate the lungs. In addition she needs to avoid the performance of complex/detailed tasks and more than occasional interaction with the general public.

The law judge determined further that these restrictions prevented the plaintiff from returning to past work (Tr. 24). However, based upon the testimony of a vocational expert, the law judge found that there were jobs in significant numbers in the national economy that the plaintiff could perform, such as surveillance systems monitor and scale attendant (Tr. 25). The law judge therefore decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A),

1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge found that the plaintiff suffers from a combination of severe impairments, including fibromyalgia.  The plaintiff's challenge to the law judge's decision focuses upon the plaintiff's fibromyalgia.  As the Eleventh Circuit has noted, the impairment's hallmark is a lack of objective evidence.   <u>Moore</u> v. <u>Barnhart</u>, 405 F.3d 1208, 1211 (11th Cir. 2005).

Consequently, a law judge's analysis of the evidence must take that characteristic of the impairment into account where there is a diagnosis of fibromyalgia.

The plaintiff contends here that, in assessing the weight to be given to the opinion of a treating physician, and in making a credibility determination of the plaintiff's testimony, the law judge improperly considered the absence of objective findings.  However, a review of the law judge's decision reveals that, irrespective of the need for a more refined analysis in fibromyalgia cases, the credibility determination in this case is patently flawed.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the complaints of pain are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain.  He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence.  See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).  In other words, this credibility finding must be adequately explained.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The law judge's credibility determination consists entirely of the following sentence (Tr. 23):

-7-

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

There is no explanation why the plaintiff's statements are not entirely credible.  The failure to provide such an explanation warrants reversal.  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995); Cannon v. Bowen, supra, 858 F.2d at 1545; Walker v. Bowen, supra, 826 F.2d at 1004.

Notably, the law judge's decision was remarkable because, unlike most cases, it did not even contain a summary of the plaintiff's testimony. While the law judge did summarize activities stated by the plaintiff when she filed her applications in June 2004 (Tr. 20), those activities (and limitations) were not the same as those the plaintiff testified to in August 2006. For example, at the hearing, she testified that, due to her condition, she usually sleeps until about 10:00 a.m., and then takes a three-hour nap from 2:00 to 5:00 p.m. (Tr. 365). That testimony was not mentioned, much less evaluated. While a failure to summarize the plaintiff's testimony would not, by itself,

warrant a remand, that deficiency underscores the inadequacy of the law judge's credibility determination.

The plaintiff has therefore demonstrated reversible error with respect to the law judge's credibility determination.

On the other hand, the plaintiff's challenge to the discounting of the opinion of treating physician Dr. Michael G. Hall is unpersuasive. Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not according them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Hall's opinion consisted merely of marking a form (Tr. 199-200) and thus could be discounted as conclusory. Furthermore, the law judge could reasonably conclude that Dr. Hall's opinion that the plaintiff cannot even sit for more than a total of thirty minutes during eight hours was not supported by the doctor's notes or other evidence of record (Tr. 23-24).

Therefore, if the plaintiff wishes to rely on remand upon a medical opinion, she would be well advised to obtain one that is comprehensive and convincing.[3]

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter is REMANDED for further consideration.  The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 7th day of March, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3]The plaintiff also raises an argument that the law judge failed to consider some of the plaintiff's alleged impairments (Doc. 20, p. 12).  This argument is unpersuasive since the plaintiff has failed to point to any evidence in the record that establishes that these problems cause functional restrictions that are not covered by the law judge's determination of the plaintiff's residual functional capacity.  Of course, on remand, the plaintiff could adduce evidence that would support those alleged impairments.